**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| YINGHONG CHEN,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH EDLOW, in his official capacity as Director, U.S. Citizenship and Immigration Services;<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security;<br><br>CARRIE M. SELBY, in her official capacity as Associate Director, Service Center Operations Directorate, U.S. Citizenship and Immigration Services;<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Defendants. | No. 8:26-cv-4670<br><br>**COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY AND INJUNCTIVE RELIEF**<br><br>[I-824, Receipt No. YSC2590036118] |

Plaintiff Yinghong Chen, by and through his undersigned counsel, brings this action to compel Defendants to adjudicate his long-pending Form I-824, Application for Action on an Approved Application or Petition, and alleges as follows:

## INTRODUCTION

1. This APA action challenges USCIS's unreasonable delay in adjudicating Plaintiff's Form I-824, which would send his approved immigrant investor petition to the State Department for visa processing.

2. As part of an effort to relocate his family and gain access to American higher education for his children, Plaintiff invested $800,000 in a rural development under the EB-5 Immigrant Investor Program. USCIS approved his petition on May 2, 2025.

3. Under the EB-5 Program, foreign nationals who invest in a new commercial enterprise that creates at least ten full-time U.S. jobs may become lawful permanent residents.

4. Because Plaintiff lives in China, he must obtain his immigrant visa through a U.S. consulate abroad. His approved petition reaches the State Department only after USCIS acts on a Form I-824.

5. USCIS received Plaintiff's I-824 on June 4, 2025. More than seventeen (17) months later, USCIS has not acted on it.

6. The delay is not caused by a lack of available visas. Under the October 2026 Visa Bulletin, for example, the rural set-aside category for applicants chargeable to mainland China, like Plaintiff, is "Current." Put simply, a visa is available to Plaintiff today.

7. The only obstacle between Plaintiff and a consular interview is USCIS's failure to act on a request to transmit a petition it has already approved.

8. Plaintiff therefore asks the Court to declare Defendants' delay unreasonable and to compel Defendants to adjudicate his I-824 promptly.

**THE PARTIES**

9. Plaintiff Yinghong Chen ("Plaintiff" or "Mr. Chen") is a citizen of China who resides in Shanghai, China. He is the petitioner and principal beneficiary of an approved Form I-526E (Receipt No. IOE8043786667) and the applicant on the pending Form I-824 (Receipt No. YSC2590036118).

10. Defendant Joseph Edlow is the Director of USCIS. He is responsible for the administration of USCIS, including the adjudication of Forms I-824. He is sued in his official capacity.[1]

11. Defendant Markwayne Mullin is the Secretary of Homeland Security. He is charged with the administration and enforcement of the immigration laws, 8 U.S.C. § 1103(a), and oversees USCIS. He is sued in his official capacity.

12. Defendant Carrie M. Selby is the Associate Director of USCIS's Service Center Operations Directorate, which oversees the USCIS service centers, including the Potomac Service Center, where Plaintiff's I-824 is pending. She is sued in her official capacity.

13. Defendant U.S. Citizenship and Immigration Services ("USCIS") is a component of the U.S. Department of Homeland Security ("DHS") responsible for adjudicating immigration benefit requests, including Forms I-526E and I-824. *See* 6 U.S.C. § 271(b).

[1] All defendants are sued in their official capacities only. If any ceases to hold office while this action is pending, their successor will be automatically substituted as a party. *See* Fed. R. Civ. P. 25(d).

**JURISDICTION AND VENUE**

14. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b), 706(1), 701 *et seq.*, and the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*

15. The Court also has jurisdiction to compel an officer or employee of the United States or any agency thereof to perform a duty owed to Plaintiff under the Mandamus Act, 28 U.S.C. § 1361.

16. The Court may grant declaratory relief under 28 U.S.C. §§ 2201, 2202 and further relief under the APA, *see* 5 U.S.C. § 706.

17. The APA waives sovereign immunity for actions seeking relief other than money damages against federal agencies and officers acting in their official capacities. 5 U.S.C. § 702.

18. No statute precludes judicial review. Plaintiff does not challenge any discretionary decision; he challenges Defendants' failure to make any decision within a reasonable time.

19. Venue is proper in this District under 28 U.S.C. § 1391(e)(1)(A) and (B). Defendants are officers and an agency of the United States sued in their official capacities. USCIS is headquartered in Camp Springs, Maryland, where Defendants Edlow and Selby perform their official duties, and a substantial part of the events or omissions giving rise to this claim occurred in this District, where USCIS's Service Center Operations Directorate directs the processing of Forms I-824.

## LEGAL FRAMEWORK

20. The INA makes employment-based fifth preference ("EB-5") immigrant visas available to qualified foreign nationals who invest in a new commercial enterprise that creates at least ten full-time jobs for U.S. workers. 8 U.S.C. § 1153(b)(5)(A).

21. In the EB-5 Reform and Integrity Act of 2022, Congress reserved a share of EB-5 visas each fiscal year for investors in rural areas, high-unemployment areas, and infrastructure projects, including twenty percent for qualified immigrants who invest in rural areas. *See* Pub. L. No. 117-103, div. BB, § 102, 136 Stat. 49, 1070 (2022) (codified at 8 U.S.C. § 1153(b)(5)).

22. An investor seeking EB-5 classification through a regional center files Form I-526E with USCIS. Once USCIS approves the petition, the investor may apply to adjust status in the United States or, if outside the United States, apply for an immigrant visa through a U.S. consulate. *See, e.g., Mukkavilli v. Jaddou*, No. 22-cv-2289, 2023 WL 4029344, at *2 (D.D.C. June 15, 2023) (explaining process).

23. When the beneficiary of an approved petition needs USCIS to send the approved petition to the State Department for consular processing, the beneficiary files Form I-824. The I-824 does not ask USCIS to revisit the merits of the approved petition; it asks USCIS to transmit an existing approval to the State Department.

24. The APA requires that, "within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). A reviewing court "shall . . . compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

25. A claim under § 706(1) may proceed where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take. *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004).

26. Congress has stated its sense that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application. 8 U.S.C. § 1571(b).

**FACTUAL ALLEGATIONS**

27. Plaintiff invested $800,000 in CH MB EB5 Lender LLC, a new commercial enterprise associated with Northern Rockies Regional Center, as part of a project located in Big Sky, Montana, a rural area.

28. On August 19, 2024, Plaintiff filed Form I-526E with USCIS. USCIS issued a receipt notice dated September 3, 2024, assigning Receipt No. IOE8043786667 and a priority date of August 19, 2024. Ex. A.

29. On May 2, 2025, USCIS's Immigrant Investor Program Office approved the petition under INA § 203(b)(5) in both the unreserved (RU-6) and rural reserved (RR-6) classifications. Ex. B.

30. The approval notice states that, if the beneficiary decides to apply for an immigrant visa outside the United States, the beneficiary "should file Form I-824, Application for Action on an Approved Application or Petition, to request that [USCIS] send the petition to the U.S. Department of State National Visa Center (NVC)." Ex. B.

31. Plaintiff, through immigration counsel, filed Form I-824 asking USCIS to send the approved petition to NVC, enclosing copies of the I-526E approval and receipt notices.

32. USCIS received the application on June 4, 2025, and issued a receipt notice dated June 6, 2025, assigning Receipt No. YSC2590036118. Plaintiff paid the $590 filing fee in full.

33. In the I-824, Plaintiff asked USCIS to send the approved immigrant visa petition to NVC and identified his spouse and minor child as derivative beneficiaries.

34. Since the receipt notice, Plaintiff has received no further communication from USCIS. USCIS has not issued a request for evidence, a notice of intent to deny, or a decision.

35. As of the date of this filing, Plaintiff's I-824 has been pending for more than seventeen (17) months, far beyond the 180-day benchmark in 8 U.S.C. § 1571(b). Exs. C, D, E.

36. USCIS, however, still considers the 17-month delay as "normal," which consequently prevents Plaintiff from submitting an inquiry until at least March 2027. By that point, the application would have been pending for nearly two years.

37. Because Plaintiff cannot submit any inquiry online, there are no administrative avenues or alternatives to relief absent this mandamus action.

38. NVC has no record of Plaintiff's case and cannot begin immigrant visa processing until USCIS forwards the approved petition.

39. A visa is immediately available to Plaintiff. As noted above, under the October 2026 Visa Bulletin, the final action date for the EB-5 rural set-aside category for applicants chargeable to mainland China is "Current." Ex. E. Plaintiff's petition was approved in that category.

40. Visa availability in the set-aside categories can change as demand grows. If a cutoff date is imposed while USCIS continues to delay, Plaintiff's immigration could be postponed for years even though his petition has already been approved.

41. Defendants' delay has harmed and continues to harm Plaintiff and his family.

42. Plaintiff sought permanent residence largely so that his son could attend university in the United States. As lawful permanent residents, Plaintiff's family would qualify for domestic tuition rates, subsidies, and/or federal financial aid, among other benefits generally unavailable to international students. The delay has put that plan on hold.

43. Plaintiff's minor child's eligibility to immigrate as a derivative beneficiary depends on the child's age as calculated under the Child Status Protection Act, 8 U.S.C. § 1153(h). Continued delay can also put that eligibility at risk. And Defendants have offered no explanation for the delay.

## CLAIMS FOR RELIEF

### FIRST COUNT
### Unreasonable Delay
### Administrative Procedure Act, *see* 5 U.S.C. §§ 555(b), 706(1)

44. Plaintiff incorporates by reference all preceding paragraphs and re-alleges them as if set forth fully herein.

45. Defendants have a non-discretionary duty to adjudicate Plaintiff's Form I-824 within a reasonable time. 5 U.S.C. § 555(b). USCIS accepted the application and Plaintiff's fee, and adjudicating it is a discrete agency action Defendants are required to take.

46. Courts in this Circuit evaluate unreasonable-delay claims under the factors first set out in *Telecomm. Research & Action Ctr. v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) ("*TRAC*"). *See, e.g., Gonzalez v. Cuccinelli*, 985 F.3d 357, 375 (4th Cir. 2021) (applying *TRAC* factors); *Mohamed v. U.S. Dep't of State*, No. ADC-23-1857, 2024 WL 2805290 (D. Md. May 31, 2024) (same); *Mirzajanov v. United States Citizenship & Immigr. Servs*., No. CV SAG-26-0107, 2026 WL 1884239, at *3 (D. Md. July 1, 2026) (same).

47. Courts consider (1) whether the time agencies take to make decisions is governed by a "rule of reason"; (2) whether Congress has provided a timetable that supplies content for that rule; (3) whether human health and welfare, rather than economic regulation, are at stake; (4) the effect of expediting the delayed action on agency activities of a higher or competing priority; (5) the nature and extent of the interests prejudiced by the delay; and (6) the principle

that the court need not find impropriety to hold that agency action is unreasonably delayed. *TRAC*, 750 F.2d at 80.

48. The first and second factors favor Plaintiff. No rule of reason justifies more than seventeen (17) months to act on a request to forward an already-approved petition, and Congress has set a 180-day benchmark for immigration benefit applications. 8 U.S.C. § 1571(b).

49. The third and fifth factors favor Plaintiff. The delay affects welfare, namely Plaintiff's ability to immigrate with his family, and it prejudices substantial personal and financial interests, including his family's educational plans and his minor child's eligibility as a derivative beneficiary. *See* ¶¶ 39–41.

50. The fourth factor favors Plaintiff. Requiring USCIS to act would not meaningfully intrude on agency activities of a higher or competing priority. Plaintiff asks only that USCIS act on a request to transmit a petition it has already approved, which requires no new review of the merits, and a visa is immediately available to him. Plaintiff does not ask the Court to dictate the outcome of his application or to reorder USCIS's priorities, only to require USCIS to act within a reasonable time.

51. Under the sixth factor, Plaintiff need not show impropriety for the Court to find the delay unreasonable. In any event, Defendants have offered no explanation for the delay.

52. Defendants' failure to adjudicate Plaintiff's I-824 is agency action unlawfully withheld or unreasonably delayed under 5 U.S.C. § 706(1).

53. As a result, Plaintiff has suffered and continues to suffer harm, and he is entitled to an order compelling Defendants to adjudicate his Form I-824 without further delay.

**SECOND COUNT**
**Mandamus**
**28 U.S.C. § 1361**

54. Plaintiff incorporates by reference all preceding paragraphs and re-alleges them as if set forth fully herein.

55. Mandamus is available only where the plaintiff has a "clear and indisputable right to the relief sought," the defendant has a "clear duty to do the specific act requested," and no other adequate remedy exists. *Cumberland Cnty. Hosp. Sys., Inc. v. Burwell*, 816 F.3d 48, 52 (4th Cir. 2016); *see Heckler v. Ringer*, 466 U.S. 602, 616 (1984).

56. Plaintiff has a clear right to have his I-824 adjudicated within a reasonable time. *See* 5 U.S.C. § 555(b).

57. Defendants have a clear, non-discretionary duty to adjudicate it. Whatever discretion USCIS may have over the outcome, it has no discretion to decline to decide the application at all. Plaintiff has no other adequate remedy.

58. To the extent relief is unavailable under the APA, Plaintiff is entitled to a writ of mandamus compelling Defendants to adjudicate his Form I-824.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Yinghong Chen respectfully requests that the Court enter judgment in his favor against Defendants, as follows:

A. Declare that Defendants' failure to adjudicate Plaintiff's Form I-824 is agency action unreasonably delayed in violation of the APA, 5 U.S.C. §§ 555(b), 706(1);

B. Order Defendants to adjudicate Plaintiff's Form I-824 within a time set by the Court and, if the application is approved, to forward the approved Form I-526E to the National Visa Center promptly thereafter;

C. Retain jurisdiction over this matter to ensure Defendants' compliance with the Court's order;

D. Award reasonable attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, and all other applicable law; and

E. Grant such other and further relief as the Court deems just and proper.

Dated: November 9, 2026
New York, NY

SAMOKHLEB & BITTERMAN LAW GROUP, P.C.

By: *__/s/ Sami Elamad__*

Sami Elamad
299 Broadway, Ste. 1005
New York, NY 10007
Tel. (212) 219-2297
Fax (212) 966-6683
sami@btmlawgroup.com

*Attorneys for*
*Plaintiff Yinghong Chen*

# INDEX OF EXHIBITS

**Exhibit A** USCIS Form I-797C Approval Notice, Form I-526E (Receipt No. IOE8043786667), dated May 2, 2025

**Exhibit B** Form I-824 Receipt Notice (Receipt No. YSC2590036118), dated June 6, 2025

**Exhibit C** Case Status, USCIS Printout (as of Nov. 9, 2026)

**Exhibit D** USCIS processing times for Form I-824 (printout dated Nov. 9, 2026)

**Exhibit E** U.S. Department of State, Visa Bulletin for October 2026 (excerpt)